



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JORGE ALEJANDRO ROJAS,<br><br>*Plaintiff,*<br><br>vs.<br><br>MONITRONICS INTERNATIONAL, INC.<br>d/b/a BRINKS HOME,<br><br>*Defendant.* | Case No. **1:22-CV-00860**<br><br><br>**COMPLAINT FOR DAMAGES**<br><br>JUDGE KENDALL<br>MAGISTRATE JUDGE CUMMINGS |

Plaintiff, Jorge Alejandro Rojas, brings this action against Defendant Monitronics International, Inc doing business as Brinks Home ("Defendant" or "Brinks"), and alleges based on personal knowledge and information and belief, as follows:

## INTRODUCTION

1. As the Supreme Court has explained, Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019. The States likewise field a constant barrage of complaints. For nearly 30 years, representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the "TCPA", generally prohibits robocalls to cell phones and home phones. *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. Plaintiff brings this action against Defendant for violations of the TCPA, 47 U.S.C. § 227, its implementing regulations, 47 C.F.R § 64.1200, the Illinois Telephone Solicitations Act

("ILTSA"), 815 ILCS 413, and the Illinois Automatic Telephone Dialers Act, 815 ILCS 305.

3.  This case involves a campaign by Defendant, to obtain business via itself or affiliates making telemarketing calls, despite not having the required consent to contact Plaintiff.

## JURISDICTION AND VENUE

4.  This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331.

5.  This Court has personal jurisdiction over Defendant as it regularly and systemically conducts business in the state of Illinois. Specifically, Defendant has numerous locations in the state. The wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Plaintiff resides within this district and was within the district when the calls were made.

6.  This Court has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367.

7.  Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

8.  Plaintiff Jorge Alejandro Rojas is a natural person residing in Bolingbrook, IL 60440, and is a citizen of the State of Illinois.

9.  Defendant Monitronics International ("Defendant" or "Brinks") is a Delaware Company with a registered agent located at CT Corporation System, 1999 Bryan St., Ste. 900 Dallas, TX 75201-3136, and the address of its principal executive officers of 1990 Wittington Place Farmers Branch, TX 75234.

10. Defendant has the Assumed Name of Brinks Home.

11. Defendant is a person as defined by 47 U.S.C. § 153(39).

12. Defendant acted through its agents, affiliates, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## STATUTORY BACKGROUND

13. The TCPA makes it unlawful to make calls to any cellular or residential line using an artificial or prerecorded voice, without the call recipient's prior express consent. *See* 47 U.S.C. § 227(b); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012)

14. The TCPA provides a private cause of action to persons who receive such automated or -pre-recorded calls. *See* 47 U.S.C. § 227(b)(3).

15. The TCPA makes it unlawful to receive more than one telephone call which violates the TCPA regulations "Do Not Call" provisions. *See* 47 C.F.R. § 64.1200(c)(2).

16. The TCPA provides a private cause of action to persons who receive such "Do Not Call" calls. *See* 47 U.S.C. § 227(c)(5)(B).

17. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. It ordered that: [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained

3

"without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

I*n the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

18. The TCPA applies to the "initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 U.S.C. § 227(a)(4).

19. In Illinois, the Automatic Telephone Dialers Act ("ATDA") prohibits "play[ing] a prerecorded message placed by an autodialer without the consent of the called party". 815 ILCS 305/30(b).

20. In Illinois, the ATDA prohibits tampering or interfering with the functions of Caller ID. 815 ILCS 305/15(d).

## **FACTUAL ALLEGATIONS**

21. At all times relevant hereto, Plaintiff maintained and used a residential telephone line, with phone number (424) XXX-1582.

22. Plaintiff's phone number is not associated with a business and is used by Plaintiff solely.

23. Plaintiff is the account holder and customary user of his phone number.

24. Plaintiff registered his phone number on the Federal Do Not Call Registry on or around January 18, 2008. **Exhibit 1.**

25. Plaintiff registered his phone number on the Do Not Call list in order to obtain solitude from invasive and harassing telemarketing calls. The calls prevented Plaintiff from using his phone for legitimate purposes.

4

26. Defendant is a security alarm company that sells products including security monitoring systems.

27. **Call 1.** On July 5, 2021, at 3:55 PM Chicago Time, Plaintiff received a telephone call from "Anthony", from a phone number of 000-000-0000. **Exhibit 2.**

28. Plaintiff did not answer the July 5, 2021 3:55 PM telephone call, but alleges that it was made for the purpose of soliciting the purchase of Defendant's alarm system and services.

29. The telephone number 000-000-0000 is not a valid telephone number, and Defendant therefore masked its caller ID.

30. **Call 2.** On July 5, 2021, at 3:56 PM Chicago Time, Plaintiff received a telephone call from "Anthony", from phone number 323-987-3702. **Exhibit 3.**

31. Plaintiff did not answer the July 5, 2021 3:56 PM telephone call, but alleges that it was made for the purpose of soliciting the purchase of Defendant's alarm system and services.

32. The telephone number 323-987-3702 is not in service, and Defendant therefore masked its caller ID.

33. **Call 3.** On July 5, 2021, at 3:57 PM Chicago Time, Plaintiff received a voicemail solicitation[1] from "Anthony," from an Unknown/Blocked number, **Exhibit 4,** which stated:

"Hi this is Anthony with the alarm company I'm just doing a follow up call with you to let you know that we're going to actually extend the promotion for the free home security system in your area through this Saturday and since you were hand selected as one of the area residents you're going to not only get all of the equipment at no cost entitled to get the installation at no activation

---

[1] All of the voicemails transcripts in this Complaint may contain minor errors or omissions due to being taken from Plaintiff's voicemail transcription service.

included and then of course the really big purchase going to get the two free video cameras of your choice account with us and one of those could even be the new doorbell cameras so when you have some time give me a call at area code 3232504577 3232504577 and I'll speak with you soon thank you…"

34. Defendant masked its caller ID in Call 3.

35. **Call 4.** On July 7, 2021, at 2:44 PM Chicago Time, Plaintiff received a voicemail solicitation from "Anthony," from phone number 323-435-0688, **Exhibit 5,** which stated: "Hi this is Anthony with the alarm company I'm just doing a follow up call with you to let you know that we're going to actually extend the promotion for the free home security system in your area through this Saturday and since you were hand selected as one of the area residents you're going to not only get all of the equipment at no cost entitled to get the installation at no cost activation included and then of course the really big part is that you're also going to get the two free video cameras of your choice account with us and one of those could even be the new doorbell camera so when you have some time give me a call at area code 3232504577 3232504577 and I'll speak with you soon thank you…"

36. The telephone number 323-435-0688 is not in service, and Defendant therefore masked its caller ID.

37. Plaintiff contacted Anthony on his call back number, to which Anthony called Plaintiff back on, and inquired about the services he was providing. Anthony stated that they were "in the area" and were doing a promotion regarding alarm services. Plaintiff attempted to get additional information from Anthony, which he provided saying that he worked for "Brinks." When asked if he worked for another company, he stated that he's never had someone ask that and hung up the phone.

38. Each time, Defendant identified himself as "Anthony" from "the alarm company."

39. Defendant masked its telephone number to not reveal its true telephone number.

40. A search online of the content of Anthony's voicemails demonstrates that they are the same to all his callers, indicating that Defendant is using an automatic dialer and/or a pre-recorded voice. *See e.g.* https://800notes.com/Phone.aspx/1-323-987-3702.

41. Because Anthony stated he was selling Brinks equipment, Plaintiff sent Brinks Home Security a letter on July 6, 2021 regarding these calls.

42. On July 23, 2021, Brinks sent Plaintiff a letter, stating that Brinks has no connection with Anthony, and that when it contacted Anthony, Anthony stated he worked for Defender Security Company.

43. Defenders Security Company merged with ADT LLC, a Brinks competitor. Plaintiff, after bringing a case against ADT LLC, believes that the call was originally made on behalf of Brinks, and not ADT, and is therefore bringing this action against Brinks. Plaintiff believes that Brinks attempted to masquerade itself as ADT in order to evade, or postpone, liability for the underlying actions.

44. Plaintiff alleges that Defendant trains its affiliates to avoid divulging too much information to leads and customers in an effort to evade TCPA liability.

45. Defendant's calls to Plaintiff utilized an automatically generated and/or pre-recorded voice.

46. Defendant's phone calls utilized an Automatic Telephone Dialing System (ATDS) without obtaining Plaintiff's prior express written consent.

47. Plaintiff did not have a prior business relationship with the affiliate.

48. Defendant did not have any consent to call Plaintiff.

49. Defendant is not an organization exempt from the TCPA.

50.  Defendant's calls to Plaintiff were a "telephone solicitation" as defined by the TCPA.

51.  Defendant's calls to Plaintiff were an "unsolicited advertisement" as defined by the TCPA.

52.  Upon information and belief, Plaintiff received additional calls from Defendant and its affiliates not included above.

53.  Defendant's made further efforts to conceal their identity by transmitting a deceptive telephone number with a local area telephone codes to Plaintiff's telephone caller identification ("Neighbor Spoofing"). Neighbor Spoofing is done as a way to deceive the called party into believing the telemarketer is a local person or business, increasing the likelihood that the telemarketing call will be answered.

54.  The impersonal and generic nature of Defendant's calls demonstrate that Defendant utilized an Automatic Telephone Dialing System (ATDS) and/or a pre-recorded voice in making the calls.

55.  In total, Defendant and/or its affiliates placed at least four (4) telephone solicitation calls to Plaintiff.

56.  As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation and a sense that his privacy has been invaded by Defendant.

57.  Defendant has a pattern and/or practice of failing to comply with the TCPA, the IL Telephone Solicitations Act, and the IL Automatic Telephone Dialers Act.

58.  The foregoing acts and omissions were in violation of the TCPA, the Illinois Telephone Solicitations Act, and the Illinois Automatic Telephone Dialers Act.

**Direct and Vicarious Liability**

59.  To the extent Defendant outsourced its illegal robocalling to other entities, Brinks is still liable for calls that violate the TCPA.

60. On May 9, 2013, the FCC determined that this was not a basis for avoiding liability within a Declaratory Ruling that held that sellers may not avoid liability by outsourcing telemarketing:

[A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside of the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain relief. As the FTC noted, because "[s]ellers may have thousands of "independent" marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy.

*In re Joint Petition Filed by DISH Network*, 28 FCC Rcd. 6574, 6588 (¶ 37) (2013) ("May 2013 FCC Ruling") (internal citations omitted).

61. The May 2013 FCC ruling rejected a narrow view of TCPA liability, including the assertion that a seller's liability requires a finding of formal actual agency and immediate direction and control over third parties who place a telemarketing call. *Id*. At 6587 n. 107.

62. The evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden of demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." Id. At 6593.

9

63. The May 2013 FCC Ruling held that, even in the absence of evidence of a formal contractual relationship between the seller and the telemarketer, a seller is liable for telemarketing calls if the telemarketer "has apparent (if not actual) authority" to make the calls. *Id*. at 6586 (¶ 34).

64. The May 2013 FCC Ruling rejected a narrow view of TCPA liability, including the assertion that a seller's liability requires a finding of formal agency and immediate direction and control over the third-party who placed the telemarketing call. *Id*. at 6587 n.107.

65. The FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See In re Rules & Regulations Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 (1995).

66. Defendant hired, permitted, and enjoyed the benefits of any of its affiliates mass robocalling.

67. The May 2013 FCC Ruling states that called parties may obtain "evidence of these kinds of relationships … through discovery, if they are not independently privy to such information." Id. at 6592-593 (¶ 46). Moreover, evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller burden demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." *Id*. at 6593 (¶ 46).

68. Plaintiff will identify who any additional indispensable party behind the telephone call, to the extent it was not solely Brinks, during the course of this litigation. In any event, Defendant Brinks is responsible for contracting with any affiliate to make the calls at issue in this case.

69. For the counts identified below, Defendant is directly liable as the party that caused the unlawful calls to be placed.

70. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the calling has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

71. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

72. The acts and omissions of Defendant constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

73. Plaintiff seeks injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

74. Plaintiff is also entitled to an award of costs.

75. Defendant's calls were not made for "emergency purposes."

76. Defendant's calls to Plaintiff were made without any prior express written consent.

77. Defendant contacted Plaintiff even though Plaintiff was on the Do Not Call Registry.

78. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

79. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

80. As a result of the above violations of the TCPA, Plaintiff has suffered losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

81. Plaintiff, in discovery will better identify how many telephone calls were made by Defendant and or its agents or affiliates, and requests leave to amend the complaint after identifying the instance count.

## COUNT 1.
### Violation of the TCPA's Automated Telemarketing Call Provisions, 47 U.S.C. § 227(b)(1)

82. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

83. Defendant or one of its affiliates or vendors called Plaintiff's cellular telephone using an "automatic telephone dialing system" and/or a pre-recorded voice as defined by the TCPA on at least four (4) occasions in violation of 47 U.S.C. § 227(b)(1), without Plaintiff's prior express written consent.

84. Plaintiff was statutorily damaged at least four (4) times under 47 U.S.C. § 227(b)(3)(B) by the Defendant by the telephone calls described above, in the amount of $500.00 for each.

85. Plaintiff was further statutorily damaged because Defendant willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(b)(3)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendant, in an amount of $6,000.00 plus costs and any other remedy deemed appropriate.

## COUNT 2.
### Initiating A Telephone Solicitation To A Telephone Subscriber Who Has Registered His Number On The Do-Not-Call List At Least 31 Days Prior To The Telephone Call. 47 C.F.R. § 64.1200(C)(2)

86. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

87. Plaintiff's telephone number has been registered on the Federal Do Not Call Registry since at least 30 days prior to the calls described above.

88. Defendant called Plaintiff's telephone at least four (4) times after Plaintiff's telephone had been registered on the Do Not Call Registry for at least 31 days before Defendant's calls, in violation of 47 C.F.R. § 64.1200(c)(2).

89. Plaintiff was statutorily damaged at least four (4) times under 47 U.S.C. § 227(c)(5)(B) by the Defendant by the telephone calls described above, in the amount of $500.00 for each of the four (4) telephone calls.

90. Plaintiff was further statutorily damaged because Defendant willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(c)(5)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendant, in an amount of $6,000.00 plus costs and any other remedy deemed appropriate.

### COUNT 3.
### Violations of The Illinois Telephone Solicitations Act, 815 ILCS 413

91. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

92. The Illinois Telephone Solicitations Act, inter alia, prohibits the making of a call in a manner which impedes the function of caller ID. 815 ILCS 413/15(c).

93. The Illinois Telephone Solicitations Act allows for the recovery of three times the actual damages assessed for a violation of the Act.

94. Each call Defendant made impeded the function of caller ID by utilizing a fake or blocked phone number.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendant, in an amount of three times actual damages plus costs and any other remedy deemed appropriate.

## COUNT 4.
### Violations of the Illinois Automatic Telephone Dialers Act ("ATDA"), 815 ILCS 305/1

95. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

96. The ATDA prohibits "play[ing] a prerecorded message placed by an autodialer without the consent of the called party." 815 ILCS 305/30(b).

97. Defendant did not have the consent of Plaintiff to play a prerecorded message placed by an autodialer.

98. The ATDA prohibits impeding the function of Caller ID.

99. Nonetheless, Defendant or one of its affiliates or vendors impeded the function of caller ID and played a pre-recorded message.

100. The ATDA allows for the recovery of statutory damages of $500 per violation.

101. Defendant violated the ATDA's pre-recorded message provisions each time it called Plaintiff and the Caller ID provisions each time it masked its caller ID, for a total violation count of eight (8) times.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendant, in an amount of $4,000.00 plus costs and any other remedy deemed appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of him and against Defendant, in an amount to be more fully determined at trial, but at least $16,000.00 as permitted by statute, as follows:

A. All actual damages Plaintiff suffered;

B. Statutory damages of $500.00 per call for each and every violation of 47 U.S.C. § 227(b);

C. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(b)(3)(C).

D. Statutory damages of $500.00 per call for each and every violation pursuant to 47 U.S.C. § 227(c)(5)(B);

E. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(c)(5)(C);

F. Triple actual damages under the Illinois Telephone Solicitations Act for impeding the function of caller identification;

G. Statutory damages of $500 per violation for violations of the Illinois Automatic Telephone Dialers Act;

H. All reasonable attorneys' fees, witness fees, court costs, pre and post-judgment interest, and other litigation costs incurred by Plaintiff;

I. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

J. Leave to amend this Complaint to conform to the evidence presented at trial; and

K. Any other relief this Court deems proper.

Respectfully submitted,

Dated: February 16, 2022

/s/ Jorge Alejandro Rojas

Jorge Alejandro Rojas
557 Cambridge Way
Bolingbrook, IL 60440
Rojas.jorge96@gmail.com
424-219-1582
Plaintiff in *Pro Se*

# EXHIBIT 1

# EXHIBIT 1

 Gmail

Jorge Rojas <rojas.jorge96@gmail.com>

# National Do Not Call Registry - Your Registration Is Confirmed

**Verify@donotcall.gov** <Verify@donotcall.gov>                    Fri, Jun 18, 2021 at 12:15 PM
To: rojas.jorge96@gmail.com

Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in 1582 on January 18, 2008. Most telemarketers will be required to stop calling you 31 days from your registration date.

Visit https://www.donotcall.gov to register another number or file a complaint against someone violating the Registry.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Please do not reply to this message as it is from an unattended mailbox. Any replies to this email will not be responded to or forwarded. This service is used for outgoing emails only and cannot respond to inquiries.

# EXHIBIT 2

# EXHIBIT 2



# Scam Likely
+0000000000
unknown

|  |  |  |  |  |
|---|---|---|---|---|
| message | call | video | mail | pay |

Today
15:55 **Missed Call**

Share Contact

Create New Contact

Add to Existing Contact

Add to Emergency Contacts

Share My Location

Block this Caller

    

# EXHIBIT 3

# EXHIBIT 3




## Scam Likely

+1 (323) 987-3702
Los Angeles, CA

 message   call   video   mail   pay

Today
15:56 **Missed Call**

Share Contact

Create New Contact

Add to Existing Contact

Add to Emergency Contacts

Share My Location

Block this Caller

    

# EXHIBIT 4

# EXHIBIT 4

18:44

# Voicemail

**Unknown**
unknown
July 5, 2021 at 15:57

 

0:00                −0:50

       

### Transcription Beta

"Hi this is Anthony with the alarm company I'm just doing a follow up call with you to let you know that we're going to actually extend the promotion for the free home security system in your area <u>through this Saturday</u> and since you were hand selected as one of the area residents you're going to not only get all of the equipment at no cost _____ entitled to get the installation at no _____ ____ activation included and then of course the really big purchase _____ ____ going to get the two free video cameras of your choice account with us and one of those could even be the new doorbell cameras so when you have some time ____ give me a call at area code 32325045773232504577 and

# EXHIBIT 5

# EXHIBIT 5



Greeting                                    Edit

# Voicemail

**+1 (323) 435-0688**  
Huntington Park, CA
July 7, 2021 at 14:44

0:11                                      −0:39

                  

**Transcription Beta**

"Hi this is Anthony with the alarm company I'm just doing a follow up call with you to let you know that we're going to actually extend the promotion for the free home security system in your area through this Saturday and since you were hand selected as one of the area residents you're going to not only get all of the equipment at no cost _____ entitled to get the installation at no cost __ _____ activation included and then of course the really big part is that you're also going to get the two free video cameras of your choice account with us and one of those could even be the new doorbell camera so when you have some time ____ give me a call at area code 32325045773232504577 and I'll speak

**+1 (215) 633-8000**              Yesterday   
Bensalem, PA                          00:45

**Unknown**                          Monday      
unknown                               00:50

**+1 (949) 273-2666**              Monday      
Lake Forest, CA                       01:37

    
Favorites   Recents   Contacts   Keypad   Voicemail